UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tian Xi Yang, individually and on behalf of all other Employees similarly situated | Civil Action No. |
| *Plaintiff,* | CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF |
| vs. | |
| Shanghai Heping Restaurant Inc., d/b/a "He Ping Restaurant", Sai Ching Chan and Sou Qin Chen | <u>**JURY TRIAL DEMAND**</u> |
| *Defendants* | File No.: L19H026 |

Plaintiff, Tian Xi Yang (hereinafter "YANG" or "plaintiff") individually and on behalf of all others similarly situated, by their attorneys, Perry Burkett, Esq., of the law firm of Stephen K. Seung, complaining of the defendants set forth their class action complaint as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.     This is a collective and class action brought by the individual and Representative Plaintiff, Tian Xi Yang ("Lead Plaintiff"), on his own behalf and on behalf of the Proposed Collective Class and Class identified below (collectively, "Plaintiffs"). Plaintiffs are former tipped servers employed at Defendants' restaurant d/b/a "He Ping Restaurant" located at 104 Mott Street, New York, N.Y. 10013.

2.     Servers at Defendants' restaurant were denied lawful minimum wage and overtime compensation pursuant to unlawful "tip credit" policies, denied lawful "spread of hours" pay, denied lawful reimbursement for the cost of laundering required uniforms, subjected to Defendants' unlawful practice of tip misappropriation, subjected to Defendants' unlawful failure to provide the requisite payroll notice documents, and subjected to Defendants' unlawful practice of failing to maintain accurate records in violation of federal and state wage and hour laws.

3.     The Collective Class is made of all persons who are or have been employed by Defendants as servers at Defendants' restaurant at 104 Mott Street, New York, N.Y. 10013 any time within three years prior to this action's filing date through the date of the final disposition of

this action (the "Collective Class Period") who were subject to Defendants' common unlawful policies, including: (a) improperly taking advantage of the FLSA's "tip credit" through an unlawful "tip pooling" policy and failing to pay for the cost of laundering required uniforms, resulting in unlawful offsets against Plaintiffs' direct wages; (b) failure to pay servers the full federal minimum wage for each week of employment; (c) unlawful retention of servers earned tips; (d) failure to provide spread of hours pay; (e) failure to pay Servers all earned overtime wages due; (f) and failure to furnish the requisite payroll notice documents. (g) paying the plaintiff $308.00 every two weeks and then requiring the plaintiff to pay back and return to the Defendants $68.00 of the aforesaid amount.

4.      The Class is made up of all persons who are or have been employed by Defendants as Servers at Defendants' restaurant located at 104 Mott Street, New York, N.Y. 10013, during the period of six years prior to the filing date of this Complaint ("the Class Period") and who were subject to Defendants' common unlawful policies of: (a) enforcing offsets against Plaintiffs' direct wages, including improperly taking advantage of the NYLL's "tip credit" and failing to pay for the cost of laundering required uniforms, resulting in Defendants' failure to pay Servers the full State minimum wage or their regular rate of pay for each week of employment, unlawful retention of Servers' earned tips, and failure to pay Servers all earned overtime wages due; (b) failing to reimburse Servers for the cost of laundering required uniforms at statutorily-required rates; (c) failing to pay "spread of hours" pay; and (d) failing to provide Servers, at the time of hiring, and/or with each weekly payment of wages, with notices of the rate of pay and accurately written pay statements, failing to provide updated pay notices when employees' rate of pay changed, and failing to maintain and update required records regarding wages and tips, as required by the NYLL, the NYCRR, New York's Wage Theft Prevention Act, and relevant regulations.

5.      Plaintiffs seek relief for the Class pursuant to the applicable provisions of the New York Labor Law ("NYLL") and Collective Class under the Fair Labor Standards Acts ("FLSA"), to remedy the Defendants failure to pay all wages and tips due and for notice and recordkeeping failures, in addition to injunctive relief.

## PARTIES

### *Plaintiff*

6.      Individual and representative Plaintiff Tian Xi Yang lives New York County, New York.  He was employed by Defendants at their restaurant located at 104 Mott Street, New York, New York 10013 from June 1, 2014 until August 31, 2019.

7.      Throughout the relevant time period, Plaintiff performed tipped services as wait staff for Defendants at their restaurant located at 104 Mott Street, New York, New York 10013.

### *Corporate Defendants*

8.      Defendant, Sai Ching Chan is a shareholder, officer and director of Shanghai Heping Restaurant Inc., and had full power and authority to hire and fire employees, determine the hours that employees worked; determine the pay rates at which employees were compensated and to keep corporate books and records.

9.      Defendant, Sou Qin Chen is a shareholder, officer and director of Shanghai Heping Restaurant Inc., and had full power and authority to hire and fire employees, determine the hours that employees worked, determine the pay rates at which employees were compensated and to keep corporate books and records.

10.      Defendant, Shanghai Heping Restaurant Inc., is a domestic business corporation organized under the laws of the State of New York d/b/a "He Ping Restaurant" and owning and operating a Chinese restaurant located at 104 Mott Street, New York, New York 10013.

11.      At all relevant times, the Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12.      At all relevant times, Defendants were covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff and similarly situated employees.

13.      Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.  Each Defendant had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

14.      Sai Ching Chan acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL § 2

and the regulations thereunder, and is jointly and severally liable with Shanghai Heping Restaurant, Inc.

15.    Sou Qin Chen acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Shanghai Heping Restaurant, Inc.

16.    At all relevant times, the Defendants maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

17.    The Defendants apply the same employment policies, practices and procedures to all current and former servers at the He Ping Restaurant located at 104 Mott Street, New York, N.Y. 10013, including policies, practices, and procedures with respect to the payment of minimum wage, overtime compensation, wage statements, wage notices, retention of tips, and failing to reimburse servers for the cost of maintaining their uniforms.

18.    Upon information and belief, at all relevant times, the Defendants' annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332.

20.    In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq.*

21.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

22.    Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiff's claims occurred in this District.

23.    Defendants are subject to personal jurisdiction in New York.

## STATEMENT OF FACTS

**DEFENDANTS COMMITTED THE FOLLOWING ALLEGED ACTS KNOWINGLY, INTENTIONALLY, AND WILLFULLY AGAINST THE PLAINTIFF, THE FLSA COLLECTIVE, AND THE CLASS**

24.     At all relevant times, Defendants unlawfully failed to pay Plaintiffs and similarly situated employees for all worked due to a policy of time shaving.

25.     This action is brought by Plaintiffs, on behalf of themselves as well other similarly situated employees against Defendants for violations of the Fair Labor Standard Act ("FLSA") *29 U.S.C §§ et seq.* and of the New York Labor Law ("NYLL") and implementing New York Codes, Rules, and Regulations ("NYCRR")", arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

26.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, NYLL, and NYCRR by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, wages for all hours worked, minimum wage for each hour worked, overtime for all hours worked in excess of forty (40) in each workweek, and spread-of-hours for all hours worked in excess of ten (10) in each workday.

27.     Defendants willfully failed to record all of the time that Plaintiffs and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week and ten (10) hours per day.

28.     Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages for off-the-clock work caused by time shaving, (2) unpaid minimum wage, (3) unpaid overtime, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

29.     Plaintiffs further allege pursuant to the NYLL § 650 *et seq.* and 12 NYCRR § 146 that they are entitled to recover from the Defendants: (1) unpaid wages for off-the-clock work caused by time shaving, (2) unpaid minimum wage, (3) unpaid overtime, (4) unpaid spread-of-hours; (5) liquidated damages equal to one hundred percent (100%) of the sum of unpaid wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y.S.N. 8380, (6) improper meal credit deductions, (7) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and

5

payday, (8) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employee's name, employee's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day (9) nine (9%)  simple prejudgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") NYCPLR § 5004, (10) post-judgment interest, and (11) attorneys' fees and costs.

30.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiffs' hours worked and wages.

31.     At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiff and similarly situated employees notice that they were claiming tip credit towards Plaintiffs and similarly situated employees' minimum wage.

32.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notices in their primary languages reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

33.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with statements every payday that accurately listed all of the following: the dates of work covered by that payment of wages; the employee's name; the name of the employer; the address and phone number of the employer; the employee's rate or rates of pay and basis thereof; the employee's gross wages; the employee's deductions; allowances, if any, claimed as part of the minimum wage; net wages; the employee's regular hourly rate or rates of pay; the employee's overtime rate or rates of pay; the employee's number of regular hours worked, and the employee's number of overtime hours worked.

34.     Pursuant to 12 NYCRR § 146-2.2 and 29 U.S.C. § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of tip credit.

35.     Defendants knew that the nonpayment of wages for all hours worked, payment of wages less than the minimum wage, the nonpayment of overtime wages at one and one-half time

(1.5x) employees' regular rates, and the nonpayment of spread of hours would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

36.     At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

37.     Defendants improperly claimed a meal credit allowance from Plaintiff and similarly situated employees' wages in violation of the NYLL.

**PLAINTIFF TIAN XI YANG**

38.     From on or about June 1, 2014 to August 31, 2019, Plaintiff was employed by Defendants to work as a waiter at He Ping Restaurant located at 104 Mott Street, New York, N.Y.

39.     At the time he was hired, Plaintiff was not given a written notice in his primary language (Chinese) regarding all of the following items: his rate or rates of pay and basis thereof; allowances claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical and mailing addresses of the employer's main office or principal place of business; and the telephone number of the employer.

40.     During the period from June 1, 2014 to December 31, 2018, Plaintiff worked form 11:00 A.M. to 10:00 P.M. 4 days per week and from 11:00 A.M. to 11:00 P.M. Fridays and Saturdays, two days per week.

41.     During the period from 1/1/19 to 8/31/19, Plaintiff worked eleven hours for 3 days each week and twelve hours for two days each week working a total of fifty-seven (57) hours in each week.

42.     As a result, for the period from June 1, 2014 to December 31, 2018, Plaintiff worked sixty-eight (68) hours per week, and for the period from 1/1/19 to 8/31/19, Plaintiff worked fifty-seven (57) hours per week.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week (the "Collective Action Members").

7

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings their NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed.R. Civ.P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

45.     All said persons, including Plaintiff, are referred to herein as the "Class."

46.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

47.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

48.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a.  Whether Defendant employed Plaintiff and the Class members within the meaning of the NYLL;
>
> b.  Whether Plaintiff and the Class members were entitled to and paid minimum wage under the NYLL;
>
> c.  Whether Plaintiff and the Class members were entitled to and paid overtime under the NYLL;
>
> d.  Whether Plaintiff and the Class members were entitled to and paid spread-of-hours pay under the NYLL and NYCRR;

8

e.   Whether Defendants maintained a policy, pattern, and/or practice of failing to provide statutory meal periods;

f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Class members' employment, or timely thereafter;

g.   Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiff and the Class members each payday; and

h.   At what common rate, or rates subject to a common method of calculation were and are Defendants required to pay the Class members for their work.

*Typicality*

49.   Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate policies of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

50.   Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in wage-and-hour employment litigation cases.

*Superiority*

51.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions

engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

## STATEMENT OF CLAIMS

### COUNT I.

### [Violations of the Fair Labor Standards Act – Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

52.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

53.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly-situated Collective Action Members, for some or all of the hours they worked.

54.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages

55.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum wage when they knew or should have known that such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

## COUNT II.

### [Violations of the New York Labor Law – Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the Rule 23 Class]

56.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

57.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

58.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Class for some or all of the hours they worked.

59.     Defendants knowingly and willfully violated Plaintiff's and similarly-situated Class Members rights by failing to pay them minimum wages in the lawful amount for hours worked.

60.     After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y.S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

## COUNT III.

### [Violations of the Fair Labor Standards Act – Nonpayment of Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

61.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein

62.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for such employment at a rate not less than one and one-half times (1.5x) the regular rate at which he is employed, or one and one-half times (1.5x) the minimum wage, whichever is greater – 29 U.S.C. § 207(a).

63.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

64.     Defendants' failure to pay Plaintiffs and the FLSA Collective overtime violated the FLSA.

65.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

66.     The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

67.     Defendants willfully failed to notify Plaintiff and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiff and the FLSA Collective Members' labor.

68.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Members the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiff and the Collective.

## COUNT IV.

### [Violations of the New York Labor Law – Nonpayment of Overtime Brought on behalf of the Plaintiff and the Rule 23 Class]

69.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein

70.     After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y.S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

71.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one-half times (1.5x) Plaintiffs' and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

72.    Defendants' failure to pay overtime violated the NYLL.

73.    Defendants' failure to pay overtime was not in good faith.

## COUNT V.

### [Violation of New York Labor Law – Failure to Pay Spread of Hours Brought on behalf of Plaintiff and Rule23 Class]

74.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

75.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and 12 NYCRR § 146-1.6.

76.    Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.

### [Violation of New York Labor Law – Failure to Provide Meal Periods Brought on behalf of Plaintiff and Rule 23 Class]

77.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

78.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 A.M. to 2 P.M.; an additional meal period between 5 P.M. and 7 P.M. of at least twenty (20) minutes for employees whose shift started before 11 A.M. and continues later than 7 P.M.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 P.M. and 6 A.M. NYLL § 162.

79.    Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff and the Rule 23 class work or worked.

80.     Though the Department of Labor commissioner may permit a shorter time to fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment.  No such permit is posted.

81.     Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VII.

### [Violation of New York Labor Law – Failure to Keep Records Brought on behalf of Plaintiff and Rule 23 Class]

82.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

83.     Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by 12 NYCRR § 146-2.1

84.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

85.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiff's labor.

86.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT VIII.

### [Violations of New York Labor Law – Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]

87.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

88.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the

14

employer; any "doing business as" names used by the employer; the  physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

89.     Defendants intentionally failed to provide notice to employees in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

90.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

91.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. NYLL § 198(1-b).

## COUNT IX.

### [Violation of New York Labor Law – Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

92.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

93.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

94.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

95.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each of the Plaintiffs together with costs and attorneys' fees pursuant to New York Labor Law. NYLL § 198(1-d).

## COUNT X.

### [Violations of the Internal Revenue Code –Fraudulent Filing of IRS Returns Brought on behalf of the Plaintiffs]

96.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.     26 USC § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

98.     Due to Defendants' violations of 26 USC § 7434, Plaintiffs are entitled to recover from Defendants, jointly and severally; (1) any actual damages sustained by the Plaintiffs as a proximate result of the filing of the fraudulent information returns (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XI.

### [Violations of the New York General Business Law – Deceptive Acts and Practices Brought on behalf of the Plaintiff]

99.     NY General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

100.    Due to Defendants' violations of NYGBS § 349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

101.    Due to Defendants' violations of NYGBS § 349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

## COUNT XII.

**[Reimbursement Plaintiff of Portion of Wages Employer Illegally Collected Got "Kick-backs" from Plaintiff]**

102.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as thoughtfully set forth herein.

103.    Section 198-6 of the N.Y.S Labor Law titled "Kick-back of wages prohibited" provides in pertinent part as follows:

> "2.  Whenever any employee who is engaged to perform labor shall be promised an agreed rate of wages for his or her services, be such promise in writing or oral, or shall be entitled to be paid or provided prevailing wages or supplements pursuant to article eight or nine of this chapter, it shall be unlawful for any person, either for that person or any other person, to request, demand or receive either before or after such **employee** is engaged, a return, donation or contribution of any part or all of said **employee's** wages, salary, supplements, or other thing of value, upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such **employee** from procuring or retaining employment."

104.    Plaintiff was paid $308.00 every two weeks while employed by defendants.

105.    Of the aforesaid $308.00, plaintiff was required to Kick-back and/or return to the defendants the sum of $68.00 for each bi-weekly pay period.

106.    During the period that plaintiff was employed by the defendants, there were a total of 126 bi-weekly pay periods.

107.    Defendants illegally forced the plaintiff kick-backs totaling amount from his wages to be determined by the court.

108.    Plaintiff is entitled to judgment in the total amount of kick-backs deducted from plaintiff's wages by defendants as determined by the court along with interest on said amount from August 31, 2019.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a.       Certification of this case as a collective action pursuant to FLSA;

b.       Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the  pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

c.       A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d.       An injunction against Corporate Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e.       An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours due to Plaintiffs and the Collective under FLSA, and to Plaintiff and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages  under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f.       Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g.       Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's

wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h.      An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

i.      Granting judgment in favor of plaintiff, Tian Yi Yang, and against the defendant in such total amount as the court shall determine to be due to said plaintiff for the amount that the defendants deducted as kick-backs from the plaintiff's wages along with interest there on from August 31, 2019.

j.      Reimbursement to plaintiff and all class members for any out of pocket cost incurred by the Plaintiff and class members for the purchase and maintenance of required uniforms;

k.      An award of prejudgment and post-judgment interest;

l.      Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to

appeal with no appeal then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

m.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, N.Y.
        January 27, 2020

Law Offices of Stephen K. Seung
Attorneys for Plaintiff and proposed
FLSA Collective and potential Rule 23
Class Members

By: _Perry Burkett_____
    Perry Burkett, Esq. (PB4936)
    2 Mott Street – Suite 601
    New York, N.Y. 10013
    Tel. (212) 732-0030
    skseungesq@yahoo.com

## JURY DEMAND

Pursuant to FRCP Rule 38 plaintiff requests a trial by jury of all issues so triable.

LAW OFFICES OF STEPHEN K. SEUNG

Attorneys for Plaintiff

By: Perry Burkett
Perry Burkett, Esq.
2 Mott Street, Suite 601
New York, New York 10013
skseung@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Tian Yi Yang, individually and on behalf of
all other employees/similarly situated,

                           Plaintiffs,

     -against-

Shanghai Heping Restaurant Inc.,
d/b/a "He Ping Restaurant"
Sai Ching Chan and Sou Qin Chen,

                          Defendants.
-------------------------------------------------------------X

Case No.

**29 U.S.C. §216(b)
COLLECTIVE ACTION &
FED.R.CIV.P.23 CLASS
ACTION**

**CONSENT TO SUE**

      By my signature below, I hereby authorize the filing and prosecution of the above-styled

Fair Labor Standards Act action under Section 216(b) of the FLSA and agree to act as a

representative of others similarly situated and to make decisions on my behalf and on behalf of

others similarly situated concerning the litigation, the method and manner of conducting this

litigation, and all other matters pertaining to this lawsuit.


  __Tian Yi Yang_____
Print Name

  __38 Allen Street_____
Address

New York, N.Y. 10002_____
City, State, ZIP Code

Sign Name

   10_____   (917)885-5035____
Apartment        Telephone


Law Office of Stephen K. Seung
Perry Burkett, Esq.
2 Mott Street, Suite 601
New York, N.Y. 10013
Tel.: (212)732-0030
Attorneys for Plaintiffs

L19H026/consent to sue 100919

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:

    SHANGHAI HEPING RESTAURANT ICN.
d/b/a "He Ping Restaurant"
104 Mott Street, New York, N.Y. 10013

        PLEASE TAKE NOTICE, that
TIAN XI YANG

and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation of Law Of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten larges shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand their behalf.

        HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
      January 27 , 2020

                Law Office of Stephen K. Seung
                Attorneys for Plaintiff, the proposed FLSA
                Collective Class and Potential Rule 23 Class

    By: _____
        Perry Burkett, Esq. (PB4936)
        2 Mott Street, Suite 601
        New York, N.Y. 10013
        Tel.: (212)732-0030
        Email: skseungesq@yahoo.com